IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-175-FL

| | | |
|---|---|---|
| RANDY CRAIG HUFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Randy Craig Huffman ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for supplemental security income ("SSI"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings [DE-21] be denied, Defendant's Motion for Judgment on the Pleadings [DE-29] be granted, and the final decision of the Commissioner be affirmed.

**STATEMENT OF THE CASE**

Plaintiff protectively filed an application for SSI on February 21, 2012 (Tr. 113, 125), alleging disability beginning November 28, 2010 (Tr. 191). The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 113, 125, 146-48.) On January 28, 2014, a hearing was held before Administrative Law Judge Thomas G. Henderson

("ALJ"), who issued an unfavorable ruling on February 24, 2014. (Tr. 80, 84.) On July 6, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial

2

gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since February 21, 2012, the application date. (Tr. 75.) Next, the ALJ determined Plaintiff had the following severe impairments: "status post-TLIF at L4-5, degenerative disc disease of the lumbar spine" (*Id.*) However, at step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the ability to perform light work "except that the claimant can only occasionally perform postural activities, and should avoid concentrated exposure to vibration and workplace hazards." (Tr. 75-76.) In making this assessment, the ALJ found Plaintiff's statements about the severity of his symptoms not fully credible. (Tr. 76-77.) At step

3

four, the ALJ concluded Plaintiff did not have the RFC to perform the requirements of his past relevant work as a plasterer. (Tr. 79.) Nonetheless, at step five, upon considering Plaintiff's age, education, work experience and RFC, the ALJ determined Plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national and state economies. (Tr. 79-80.)

IV. **Plaintiff's Contentions**

Plaintiff challenges the Commissioner's final decision denying benefits on three grounds. Plaintiff first contends that the ALJ erred in failing to assign significant weight to a treating physician's opinion. Second, Plaintiff asserts that the ALJ erred in requiring him to provide "proof of pain." Lastly, Plaintiff contends that given the ALJ's determination that Plaintiff could perform light work, Plaintiff should be found to be disabled as of February 24, 2015.

A. **Treating Physician's Opinion**

Plaintiff asserts that the ALJ erred in failing to give significant weight to the medical opinion of his treating physician, Dr. D. Todd Rose. An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). An ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R § 404.1527(b) & (c); *see also Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *16 (E.D.N.C. Dec. 30, 2014). Medical opinions are "statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's]

4

symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Controlling weight will be given to "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Craig,* 76 F.3d at 590.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then determine the weight to be given the treating physician's opinion by applying the following factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidentiary support for the physician's opinion; (4) the consistency of the opinion with the record as a whole; and (5) whether the physician is a specialist in the field in which the opinion is rendered. 20 C.F.R. § 404.1527(c)(2)–(5); *see also Parker v. Astrue*, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011).

Almost one month after Plaintiff underwent a fusion of his lumbar spine, on July 21, 2011, Dr. Rose indicated that Plaintiff's work capabilities were restricted to "USDL sedentary duty." (Tr. 374.) Further, on May 17, 2012, Dr. Rose opined, "At this point, [Plaintiff] is not able to work secondary to his low back complaints as well as his leg complaints." (Tr. 447.)

Regarding Dr. Rose's opinion, the ALJ stated:

> Pursuant to 20 CFR § 404.1527, § 416.927, and Social Security Rulings 96-6p and 96-2p, the undersigned has considered the medical opinions of the claimant's treating physicians, evaluating physicians, and the state agency medical consultants. The undersigned notes that none of the claimant's treating physicians has offered any medical opinion with regard to his functional limitations.
>
> Although the claimant's treating physician, Dr. Todd Rose, indicated at a July 2011 office visit that the claimant was limited to sedentary work, nothing in these or later notes indicate that this was anything other than a temporary work

5

restriction. Certainly, nothing in the medical evidence of record reflects that the claimant was placed at a sedentary residual functional capacity for 12 months.

(Tr. 78.)

The ALJ's decision to give Dr. Rose's opinions less than significant weight is supported by substantial evidence. While Dr. Rose limited Plaintiff to sedentary work in July 2011, there is nothing to indicate this is anything other than a temporary work restriction. On January 27, 2012, the medical record indicates that Plaintiff enrolled in and completed vocational rehabilitation. (Tr. 438.) Additionally, on February 16, 2012, Plaintiff told Dr. Rose that he was working on a construction site fetching tools for workers. (Tr. 379.) Dr. Rose's May 2012 opinion that Plaintiff was unable to work is not a medical opinion deserving of deference. *See* 20 C.F.R. § 416.927(d) (stating that a determination that one is "unable to work" is reserved to the Commissioner). Furthermore, the May 2012 opinion does not include specific findings regarding functional limitations, and it appears inconsistent with the medical evidence, as well as the activities in which Plaintiff engaged prior to that date. As such, the ALJ did not err in giving less than significant weight to Dr. Rose's medical opinions.

**B.     Proof of Pain**

Plaintiff's next assignment of error is that the ALJ improperly considered his subjective complaints of pain. Specifically, Plaintiff asserts that the ALJ improperly required that he prove "he is in the pain that is reasonably likely to result from the back condition from which he suffers." (Pl.'s Mem. [DE #22] at 23.) The undersigned disagrees.

At step four of the sequential disability analysis, an ALJ must undertake a two-step credibility analysis to determine whether a claimant's subjective complaints of pain are in accord with objective medical evidence. *Craig*, 76 F.3d at 593-96; 20 C.F.R. §§ 404.1529(a)-(c); SSR 96-7p, 1996 WL 374186 at *1, 2 (July 2, 1996). First, the ALJ must find that the claimant has

6

medically documented impairments that could cause his or her alleged symptoms. *Hines v. Barnhart*, 453 F.3d 559, 564 (4th Cir. 2006); SSR 96-7p, 1996 WL 374186, at *2. If the ALJ makes the step-one finding, he must then evaluate the extent to which the claimant's statements concerning the intensity and persistence of his symptoms are supported by the objective medical record. *Hines*, 453 F.3d at 564-65; SSR 96-7P, 1996 WL 374186, at *2.

The Social Security regulations require that an ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and . . . be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR 96-7p, 1996 WL 374186, at *1. The ALJ must consider the following factors in addition to objective medical evidence when assessing the credibility of an individual's statements:

(1) Claimant's daily activities;
(2) The location, duration, frequency, and intensity of . . . pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) The type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate pain or other symptoms;
(5) Treatment, other than medication, received for relief of pain or other symptoms;
(6) Any measures used to relieve pain or other symptoms; and
(7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2013); SSR 96-7p, 1996 WL 374186, at *3.

The ALJ's analysis is supported by substantial evidence. Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of his

7

alleged symptoms. (R. 76-77.) The ALJ then determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (R. 77.) The ALJ explained:

> While the claimant has received medical treatment since his alleged onset date, the medical evidence of record does not reflect any objective abnormalities to suggest that he is incapable of performing the above residual functional capacity assessment. I note that the claimant has varied activities of daily living, including vacuuming, laundry, and cooking. He stated also that his medications keep his pain, generally, to 2-3, on a ten-point scale. The claimant sleeps well and his clinical findings are generally benign. Despite extensive counseling from his treating physician that he should quit smoking, the claimant continues to do so daily. The claimant's frequent noncompliance with his treatment regimen suggests that his symptoms are not as limiting as the claimant has alleged.

(Tr. 77.)

The ALJ thoroughly discussed Plaintiff's surgical and other treatment records, as well as his completion of vocational rehabilitation. Based upon the evidence, the ALJ concluded:

> In sum, in light of the claimant's back pain secondary to lumbar degenerative disc disease, the undersigned has limited claimant's postural activities and exposure to vibrations and other workplace hazards. However, due to the aforementioned inconsistencies, particularly the relatively benign physical examinations and the extent of the claimant's daily activities, the undersigned cannot find the claimant's allegations that he is incapable of all work activity to be credible.

(Tr. 79.)

The ALJ properly evaluated Plaintiff's subjective complaints of pain. The ALJ adequately explained the basis for his credibility determination, and his determination in this regard is supported by substantial evidence of record. Accordingly, this assignment of error should be overruled.

C.  **Disability as of February 24, 2015**

Finally, Plaintiff requests that the court find Plaintiff disabled as of February 25, 2015, his fifty-fifth birthday.  Plaintiff maintains that under the ALJ's determination that he could perform light work with limitations, he would be disabled under Grid Regulation 202.06 as of February 25, 2015.  (Pl.'s Mem. [DE #22] at 26.)

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "[I]n determining whether the ALJ's decision is supported by substantial evidence, a district court cannot consider evidence which was not presented to the ALJ."  *Smith v. Chater*, 99 F.3d 635, 638, n.5 (4th Cir. 1996) (citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963)).

The ALJ decided Plaintiff's case on February 14, 2014, and the Appeals Council denied review, making the ALJ's decision the agency's final administrative decision.  This court is without authority to consider evidence not presented to the Commissioner or to otherwise expand the scope of the Commissioner's decision.  Plaintiff's claim should, therefore, be denied.

## **CONCLUSION**

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE-21] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE-29] be GRANTED, and the Commissioner's decision be AFFIRMED

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel.  Each party shall have until **August 22, 2016**, to file written objections to the Memorandum and Recommendation.  The presiding district judge

9

must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 4th day of August 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge