IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.  7:15-CV-175-FL

RANDY CRAIG HUFFMAN,                    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )                    ORDER
                                        )
CAROLYN W. COLVIN,                      )
Acting Commissioner of Social Security, )
                                        )
            Defendant.                  )

    This matter is before the court on the parties' cross motions for judgment on the pleadings.

(DE 21; DE 29).  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b),

United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation

("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's

motion, and affirm defendant's decision.  (DE 33).  Plaintiff timely objected to the M&R, and

defendant did not respond.  In this posture, the issues raised are ripe for ruling.  For the reasons that

follow, the court rejects the M&R, grants plaintiff's motion for judgment on the pleadings, denies

defendant's motion for judgment on the pleadings, and remands this case to defendant pursuant to

sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

    On February 21, 2012, plaintiff filed an application for supplemental security income,

alleging disability onset date of November 28, 2010.  Plaintiff's application was denied both initially

and upon reconsideration.  On July 23, 2012, plaintiff filed a written request for hearing before an

administrative law judge ("ALJ"), who, after hearing on January 28, 2014, denied plaintiff's

application by decision dated February 24, 2014. Later, plaintiff timely requested review by the Appeals Council, and submitted additional evidence as part of his request. The Appeals Council denied review on July 6, 2015, and the ALJ's February 24,2014, decision became defendant's final decision. On August 17, 2015, plaintiff filed suit in this court, pursuant to 42 U.S.C. § 405(g), seeking review of defendant's decision.

## DISCUSSION

A. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying supplemental security income. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is. . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th

Cir. 2016) (quoting <u>Mascio v. Colvin</u>, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." <u>Id.</u> (quoting <u>Clifford v. Apfel</u>, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." <u>See</u> 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>Id.</u> The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to the Commissioner of Social Security ("Commissioner") at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 21, 2012, the date of plaintiff's application for supplemental security income. At step two, the ALJ found that plaintiff had the following severe impairments: status-post TLF at L4-5 and degenerative disc disease of the lumbar spine. However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations. See 20 C.F.R. § 404, Subpt. P, App. 1.

Before proceeding to step four, the ALJ determined that during the relevant time period, plaintiff had the residual functional capacity ("RFC") to perform light work, subject to the following limitations: "[he can] lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for six hours in an eight-hour day[;]. . . [he can] occasionally perform postural activities and should avoid the concentrated exposure of vibration and workplace hazards." (Tr. 75–76). In making this assessment, the ALJ found plaintiff's statements regarding the severity of his symptoms not fully credible. At step four, the ALJ concluded plaintiff was unable to perform his past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

4

B. Analysis

Plaintiff objects to the magistrate judge's treatment of two issues. First, plaintiff challenges the ALJ's analysis and discussion relating to his subjective complaints of pain. Specifically, plaintiff asserts that the ALJ "improperly required [him] to provide 'proof of pain,' " and "impermissibly discount[ed his] subjective complaints [of pain]." (DE 34). Second, plaintiff argues that the ALJ erred by failing to assert any weight assigned to the opinion of Dr. Todd Rose ("Dr. Rose"). That failure, alleges plaintiff, prevents the court from undertaking meaningful substantial review as required by Monroe v. Colvin, 826 F.3d at 189. Plaintiff contends the ALJ also erred by failing to "build an accurate and logical bridge" from the evidence to his conclusion regarding why limited weight was given to Dr. Rose's medical opinion. Id.

1. Subjective Complaints of Pain

Plaintiff first contends that the ALJ applied the incorrect legal standard in discrediting his subjective complaints of pain. Specifically, plaintiff argues that the ALJ "improperly required [him] to provide 'proof of pain,' " where it was established that his impairments could reasonably be expected to cause his alleged symptoms.

In assessing credibility, the ALJ must follow a two-step process. First, the ALJ must determine whether the claimant's medically determinable impairments could reasonably be expected to cause his alleged symptoms. Hines v. Barnhart, 453 F.3d 559, 564 (4th Cir. 2006). After this determination is made, the ALJ must then evaluate the "intensity and persistence of the claimant's pain, and the extent to which it affects h[is] ability to work." Craig, 76 F.3d at 594–96 (citing 20 C.F.R. §§ 416.929(c)(1), 401.1529(c)(1)). The evaluation must account for "all the available evidence, including the claimant's medical history, medical signs, . . . laboratory findings, . . .daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id. at

5

595 (internal citations omitted).  "If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability."  Hines, 453 F.3d at 564.  However, if "objective medical evidence of pain, its intensity or degree . . . [is] available, [it] should be obtained and considered."  Id. (internal citations omitted).  The ALJ's decision must specifically discuss the reasons for its credibility determinations.  See Monroe, 826 F.3d at 189 (internal citations omitted); see also SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996), superseded by SSR 16-3p, 81 Fed. Reg. 51 (Mar. 28, 2016).

Plaintiff argues that the ALJ improperly required him to provide "proof of pain," where it was established that his impairments could reasonably be expected to cause his alleged symptoms.  (DE 34).  In support of this argument, plaintiff relies on Hines v. Barnhart, which he interprets as "entitl[ing him] to rely exclusively on subjective evidence" to prove that his pain is "so continuous and/or so severe that it prevents [him] from performing light work for a full eight-hour day."  (DE 34).  However, this reliance on Hines is misplaced.  To the extent plaintiff reads Hines as prohibiting the court from considering objective evidence in determining plaintiff's functional capabilities, plaintiff is incorrect.  Even if a claimant establishes that his impairments could reasonably be expected to cause his alleged symptoms, the ALJ must still consider objective evidence, if available, in determining the extent to which plaintiff's symptoms limit his ability to work.  See Hines, 453 F.3d at 564 ("Objective medical evidence of pain, . . . if available, should be determined and considered.") (internal citations omitted); see also Craig, 76 F.3d at 595 ("Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment . . . .").

In the present case, the ALJ complied with the two-step process mandated by Fourth Circuit precedent. First, there is no dispute that plaintiff suffers from back pain secondary to lumbar degenerative disc disease. The surgical and treatment records provide the required objective evidence to support the ALJ's determination that "claimant's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms." (Tr. 76).

Despite having met this threshold, the ALJ concluded that plaintiff's subjective statements "concerning the intensity, persistence, and limiting effects of [his] symptoms [were] not entirely credible." (Tr.77). This determination relies on several factors including: (1) the extent of plaintiff's daily activities and pain level; (2) surgical records and treatment notes indicating plaintiff's decreased pain levels, (3) plaintiff's relatively benign physical examinations, (4) the effectiveness of plaintiff's medication in controlling his pain, and (5) plaintiff's noncompliance with his treatment regime. Contrary to plaintiff's suggestion, passing the threshold inquiry does not entitle him to "rely exclusively on subjective evidence" to meet the second prong of the required test. Thus, based on the entire record, the M&R appropriately concludes that "[t]he ALJ's analysis is supported by substantial evidence." (DE 33). Where the M&R's analysis on this point is thorough and correct, the court incorporates herein and adopts as its own the M&R's conclusion that the ALJ considered the evidence cited by plaintiff, weighed it against countervailing evidence, and determined that plaintiff was not functionally limited to sedentary work.

2. Medical Opinion Evidence

Plaintiff next argues that the ALJ's failure to articulate and explain the weight given to Dr. Rose's medical opinion frustrates this court's meaningful review of the ALJ's decision. In addition, plaintiff argues that certain supplemental medical source statements render inaccurate the "logical bridge" connecting the evidence to the ALJ's ultimate decisions and conclusions. (DE 34).

7

An ALJ must weigh and evaluate all medical opinions received, regardless of their source. 20 C.F.R. §§ 404.1527(c), 416.927(c).  Medical opinions are: "[S]tatements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment[s], including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment[s], and [the claimant's] physical or mental restrictions."  20 C.F.R. § 416.927(a)(2).  Generally, opinions from treating sources are given greater weight than opinions from non-treating sources, such as consultative examiners.  Id. §§ 404.1527(c)(2), 416.927(c)(3)–(4); see Craig, 76 F.3d at 590.  However, any medical opinion, even one from a treating source, may be given less weight if it is not well supported or if it is inconsistent with other evidence in the record. Id. §§ 404.1527(c)(3)–(4); 416.927(c)(3)–(4). Factors that may influence an ALJ's assignment of weight to a medical opinion include the supportability and consistency of the opinion, as well as the medical expert's area of speciality.  Id. § 404.1527(c)(3)–(5).

While an ALJ is under no obligation to accept any medical opinion, he or she must nevertheless explain the weight afforded.  See Monroe, 826 F.3d at 190–91; see also Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (citations omitted) (requiring ALJs to "explicitly indicate the weight given to all relevant evidence ").  Where sufficient explanation is provided, the court "must defer to the ALJ's assignments of weights unless they are not supported by substantial evidence." Dunn v. Colvin, 607 F. App'x 264, 271 (4th Cir. 2015) (citing Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir.2012)).

In a recent series of decisions, the Fourth Circuit has clarified the level of analysis a reviewing court should expect, and indeed demand, from defendant ALJs.  The ALJ's analytical rigor is "[a] necessary predicate to engaging in substantial evidence review."  Radford, 734 F.3d at

295. Thus, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of pertinent legal requirements to the record evidence." Id. A reviewing court cannot be "left to guess about how the ALJ arrived at [its] conclusions." Masico, 780 F.3d at 637. Rather, the ALJ's analysis must "build an accurate and logical bridge from the evidence to [its] conclusion." Monroe, 826 F.3d at 189. That "bridge" must withstand this court's analytical scrutiny. See id. at 189–91. Under this standard, an ALJ's failure to consider a physician's medical opinion or to discuss the weight given to that opinion may require remand or reversal. See id. at 191; see also Hines, 453 F.3d at 563. However, "reversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." Morgan v. Barnhart, 142 F. App'x 716, 722 (4th Cir. 2005).

a. Dr. Rose's Medical Opinion

First, plaintiff argues that the ALJ failed to assert and sufficiently explain what weight he assigned to Dr. Rose's medical opinion, in which he noted, on July 21, 2011, that plaintiff was restricted to "sedentary duty." (Tr. 389). This failure, plaintiff asserts, frustrates the court's meaningful review of the ALJ's decision and requires remand to defendant. Monroe, 826 F.3d at 190–91.

Under Fourth Circuit precedent, the ALJ's opinion cannot stand. In addressing Dr. Rose's medical opinion, the ALJ explains that "[a]lthough the claimant's treating physician, Dr. Todd Rose, indicated at a July 2011 office visit that the claimant was limited to sedentary work, nothing in these or later notes indicate that this [opinion] was anything other than a temporary work restriction." (Tr. 78). The ALJ further notes that "nothing in the medical evidence of record reflects that claimant was placed at sedentary residual capacity for 12 months." (Tr. 78).

9

The ALJ's treatment of Dr. Rose's opinion is problematic for two reasons. To begin, the ALJ fails to explain sufficiently how it reached the conclusion that Dr. Rose's July 2011 opinion was only a "temporary work restriction." (Tr. 78). On its face, Dr. Rose's opinion contains no time limitation. (Tr. 374). While it is true plaintiff had recently undergone fusion surgery when the July 2011 opinion was given, the opinion itself does not indicate that plaintiff's restriction to sedentary duty was temporary or otherwise only applicable during plaintiff's recovery period. The ALJ never specifies which evidence shows that Dr. Rose's opinion was time limited nor explains how it reached that conclusion. Rather, in explaining its position, the ALJ points broadly to the entire record, noting that "nothing in the medical evidence of record," contradicts finding that the July 2011 opinion was only a temporary restriction. Under Monroe, the ALJ's failure to explain how it reached the conclusion that Dr. Rose's opinion was only a temporary work restriction precludes the court from undertaking meaningful substantial review.

Additionally, the ALJ does not identify which evidence in the medical record was used to discredit Dr. Rose's opinion nor explains how that evidence had any bearing on plaintiff's exertional capacity or Dr. Rose's opinion. Although the ALJ hints that an inconsistency exists between Dr. Rose's opinion and the medical record, the ALJ does not point to evidence showing an improvement in functional capacity after a certain amount of time or that Dr. Rose later lifted plaintiff's work restriction. In fact, the record shows that, after the 2011 opinion was given, plaintiff continued to experience back pain (Tr. 379; 474; 546), was diagnosed with moderate spinal stenosis (Tr. 475), and began treatment for pain management (Tr. 512–16). While the record does reflect that plaintiff's pain level improved with medication (Tr. 496), the ALJ does not address the inconsistent evidence. This failure also precludes the court from undertaking meaningful review of the ALJ's decision.

10

For these reasons, the court remands the case to defendant for further proceedings.  On remand, it is incumbent on the ALJ to explain sufficiently his reasons for discrediting Dr. Rose's opinion, such that meaningful review is possible.

### b.  Dr. Singh's Medical Opinion

Second, plaintiff argues that a supplemental medical opinion submitted to the Appeals Council renders the ALJ's logical bridge in discrediting the opinion of Dr. Rose inaccurate.  This supplemental opinion was issued in February 2014 by plaintiff's treating physician, Dr. Brajendra Singh ("Dr. Singh"), and restricts plaintiff to sedentary work.  (Tr. 556).

An Appeals Council is "not require[d] . . . to articulate any findings when it considers new evidence and denies review."  Myer v. Astrue, 622 F.3d 700, 706 (4th Cir. 2011).  When an Appeals Council denies review and specifically incorporates additional evidence into the administrative record, a reviewing court "must review the record as a whole, including the new evidence, in . . . determin[ing] whether substantial evidence supports the Secretary's findings."  Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991) (en banc) (internal citations omitted).

A reviewing court may remand a social security case upon showing that there is additional evidence which "is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision."  Id.. "Evidence is new . . .if its is not duplicative or cumulative."  Wilkins, 953 F.2d at 96.  Additionally, "[e]vidence is material if there is any reasonable possibility that the new evidence would have changed the outcome."  Id.  The new evidence need not have existed during that period before the date of the ALJ's decision, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time.  See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987).

11

Plaintiff contends that Dr. Singh's medical opinion constitutes new evidence, which renders inaccurate the ALJ's logical bridge in discrediting Dr. Rose's opinion. On February 24, 2014 the ALJ issued his decision finding that plaintiff was not disabled under the Social Security Act. (Tr. 80). Later, plaintiff requested review by the Appeals Council and submitted supplemental evidence, which included the February 2014 opinion of Dr. Singh, as part of his request. The Appeals Council denied review, specifically incorporating Dr. Singh's opinion into the administrative record. (Tr.6).

Since the Appeals Council specifically incorporated Dr. Singh's opinion into the administrative record when it denied review, the court must consider that supplemental medical opinion when determining whether substantial evidence exists to support the ALJ's decision. Wilkins, 953 F.2d at 96. Here, Dr. Singh's opinion is new and material. The supplemental opinion also relates to plaintiff's condition occurring before the ALJ's February 24, 2014, decision. In her opinion Dr. Singh specifically notes that plaintiff is unable to perform light work for eight hours a day "due to [his] back pain." (Tr. 556). Plaintiff claims that his back pain is what limits his ability to work. Furthermore, there were no intervening events between the time of the ALJ's decision and Dr. Singh's opinion. In fact, only three days had passed. In light of this medical opinion, the court is unable, without further explanation, to determine whether substantial evidence supports the Secretary's decision, given the conflict between Dr. Singh's opinion and the ALJ's RFC determination.

## CONCLUSION

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court REJECTS the M&R (DE 33), GRANTS plaintiff's motion for judgment on

the pleadings (DE 21), and DENIES defendant's motion for the same. (DE 29). This case is REMANDED to defendant pursuant to sentence four of 42 U.S.C. § 405(g). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 23rd day of September, 2016.


_____
LOUISE W. FLANAGAN
United States District Judge